UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RODERICK MAURICE EVANS,       :

    Petitioner                    :        CIVIL ACTION NO. 3:18-2109

    v.                            :        (JUDGE MANNION)

BRADLY, USP-Canaan Warden,    :

    Respondent                    :

**MEMORANDUM**

Petitioner, Roderick Maurice Evans ("Petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his sentence entered in the United States District Court for the Western District of Texas. (Doc. 1). Following an order to show cause, (Doc. 5) Respondent filed a response on April 11, 2019. (Doc. 9). A traverse was filed on April 18, 2019. (Doc. 10). Accordingly, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

**I. Background**

On September 17, 2009, Evans pled guilty in the United States District Court for the Western District of Texas, to possession with intent to distribute

crack cocaine, in violation of 21 USC §§841(a)(1) & 841(b)(1)(C). (Doc. 1; United States v. Evans, No. 6:09-CR-150 (W.D. of Texas) (Doc. 18).

On November 12, 2009, the District Court of the Western District of Texas sentenced Evans to a total of 168 months "to be served consecutive to the supervised release revocation sentence imposed in Docket # W-06-CR-003 pursuant to 18 U.S.C. §3584(a) and USSG §5G1.3 [n.3(C)]". Id. at Doc. 26.

On July 22, 2011, Evans filed a motion to vacate pursuant to 28 U.S.C. §2255, challenging his sentence and claiming, among other things, ineffective assistance of counsel. Id. at Doc. 36. On August 2, 2012, the district court denied Evans' §2255 motion. Id. at Doc. 47. On August 17, 2012, Petitioner filed a Notice of Appeal (Id. at 49). By Order dated May 14, 2013, the United States Court of Appeal for the Fourth Circuit denied Petitioner's motion for a certificate of appealability. Id. at 53.

On June 21, 2018, Evans filed a motion for relief pursuant to Fed.R.Civ.P. 60(b)(c), which, by Order dated June 25, 2018, was construed by the district court as a successive Section 2255 motion and dismissed without prejudice for lack of jurisdiction. Id. at 61.

On October 31, 2018, Evans filed the instant habeas corpus petition "under 28 U.S.C. §2241 and §2255(e) 'the savings clause'." (Doc. 1). Evans

asserts that the sentencing court "made a sentencing error by failing to reduce a conviction of 'Possession with Intent to Distribute' offense under 21 U.S.C. §841(a)(1) and §841(b)(1)(C) to §844(a)" and that as a result Evans' is serving a longer sentence. (Id.). In making this argument, Evans cites to the Fourth Circuit decision, United States v. Wheeler, 886 F.3d 415, which held that a sentencing claim can be raised via §2255's savings clause if it meets four requirements, id., at 428-29. In Wheeler, at 429-34 the Court held that it is a fundamental defect when an inmate receives a sentence with an erroneously increased mandatory minimum, and that such a claim can be raised via a §2241 petition through the §2255(e) savings clause. Evans also relies on Rosales-Mireles v. United States, ___ U.S. ___, 138 S.Ct. 1897, 1908-09, 201 L.Ed.2d 376 (2018). In Rosales-Mireles, the Supreme Court addressed the plain error review of a sentencing guidelines miscalculation. Rosales-Mireles, supra.

## II. Discussion

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. §2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342

- 3 -

(1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Petitioner files the instant §2241 petition seeking to challenge the legality of his sentence. A petitioner may only resort to a §2241 petition in the unusual situation where the remedy by motion under §2255 would be inadequate or ineffective. See 28 U.S.C. §2255; Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on §2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.

"Our Circuit permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be 'otherwise

barred from challenging the legality of the conviction under §2255.' Id. Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial §2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Additionally, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. Section 2241 is not available for intervening changes in the law of sentencing. Okereke, 307 F.3d at 120. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) (holding that an Alleyne[1] claim cannot be raised in a

---

[1] Alleyne v. United States, 133 S.Ct. 2151 (2013). "In Alleyne, 133 S.Ct. 2151, the Supreme Court mirrored its opinion in Apprendi v. New Jersey, 530 U.S. 466 (2000), and held that '[a]ny fact that, by law, increases the [mandatory minimum] penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.' Alleyne, 133 S.Ct. at 2155 (citation omitted)." Gardner, 845 F.3d at 101.

§2241 petition); Upshaw v. Warden Lewisburg USP, 634 Fed. App'x. 357 (3d Cir. 2016) (finding claims of sentencing error asserted under Alleyne, 133 S.Ct. 2151, and Burrage v. United States, 134 S.Ct. 881 (2014), could not be raised via §2241 even though these claims were previously foreclosed by circuit precedent).

Petitioner has not alleged actual innocence based on a change in statutory interpretation by the Supreme Court, made retroactive in cases on collateral review, but rather he alleges an error in sentencing. As such, his reliance on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), a Fourth Circuit court case that is not binding on this Court. Under Bruce, only an intervening Supreme Court decision can be used to establish jurisdiction under §2241. Bruce at 868 F.3d at 180-81(applying Third Circuit precedent in determining whether a §2241 habeas can be entertained); Brown v. Sage, 2018 WL 4265705, at *3-5 (3d Cir. Sept. 7, 2018) ("As we have often explained, panels of our Court are bound by the precedent of prior panels, as are the district courts in our Circuit."); Valspar Corp. v. E.I. Du Pont Nemours and Co., 873 F.3d 185, 203 (3d Cir. 2017) (explaining that the district court was bound by Third Circuit precedent). Third Circuit law accordingly governs whether this Court has jurisdiction to entertain Evans' §2241 petition.

While the Fourth Circuit has held that a sentencing claim can be raised in a §2241 petition under the savings clause, Wheeler, 886 F.3d at 429-34,4 the Third Circuit has not. Gardner, 845 F.3d at 102-103; Upshaw, 634 Fed. App'x. at 358-59; see also United States v. Wheeler, 2018 WL 2947929, at 1.n.1 (4th Cir. June 11, 2018) (statement of Judge Agee, in denial of petition for rehearing *en banc*, observing that the Third Circuit has only adopted a saving clause analysis in the context of actual innocence of the offense of conviction). As result, Evans' §2241 petition will be dismissed for lack of jurisdiction. Id.

More importantly, Petitioner asserts that he raised this issue in his sentencing court in a motion under 28 U.S.C. §2255, but the court misconstrued his claim as a challenge to the sentencing guidelines. A prisoner may not use § 2241 to challenge his conviction or sentence, simply because his §2255 motion was unsuccessful. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief....") If the sentencing court misconstrued Petitioner's claim, his remedy was to appeal that decision. Thus, Petitioner has not satisfied the requirements necessary to challenge his conviction and sentence in a §2241 petition through the savings clause of §2255. Consequently, the instant petition will

- 7 -

be dismissed for lack of jurisdiction.

### III. Conclusion

For the foregoing reasons, Evans' petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. A separate Order shall issue.

         *s/ Malachy E. Mannion*
         **MALACHY E. MANNION**
         **United States District Judge**

**DATE: December 18, 2020**
18-2109-01